401 So.2d 448 (1981)
Harvey Clinton HUGHES, Betty Lou Hughes Martin, Pauline Hughes Braase, Hubert L. Hughes, Elsie J. Hughes Granger, Chester B. Hughes, Edith Hughes Gill, Shirley Ann Hughes McClendon, Harvey Clinton Hughes, Jr., Arthur Wayne Hughes and Ronald Joe Hughes
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY.
No. 14244.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
John deGravelles and Paul Due, Baton Rouge, for plaintiffs.
Lawrence McNamara, New Orleans, for Dr. R. E. Goldsby and Hartford Acc. & Indem. Co.
Kenneth Barnette, Baton Rouge, for Hood Memorial Hospital, Mike Pizzolato, and St. Paul Fire & Marine Ins. Co.
A. R. Christovich, Jr., New Orleans, for Terrence E. Young & Continental Ins. Co.
*449 Duncan S. Kemp, III, Hammond, for Dr. R. E. Goldsby.
Joseph H. Simpson and Charles M. Reid, Amite, for Hood Memorial Hospital.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Annie Hughes died at Hood Memorial Hospital in Amite on March 12, 1975. Decedent's husband, Harvey Clinton Hughes, and her ten children, Betty Lou Hughes Martin, Effie Pauline Hughes Braase, Hubert Lee Hughes, Chester Boyd Hughes, Elsie Jean Hughes Granger, Edith Evelyn Hughes Gill, Shirley Ann Hughes McLendon,[1] Harvey Clinton Hughes, Jr., Arthur Wayne Hughes and Ronald Joe Hughes, brought suit alleging that negligence had caused her death. Named as defendants in the original and four amended and supplemental petitions were St. Paul Fire & Marine Insurance Company, Hartford Accident & Indemnity Company, Continental Casualty Company, The Continental Insurance Company,[2] Hood Memorial Hospital, Dr. Reggie E. Goldsby, J. W. Brasher, Terrence E. Young and Mike Pizzolato. Plaintiffs sought $1,603,000 plus legal interest and costs.
Continental Casualty Company filed a motion for summary judgment and was dismissed from the suit without prejudice.
At trial, following the conclusion of plaintiffs' case, all defendants moved for dismissal of the action. Dismissal was granted as to Hood Memorial Hospital, J. W. Brasher, Mike Pizzolato and St. Paul Fire & Marine Insurance Company. The remaining defendants then presented their case.
Subsequent to trial and in accordance with lengthy reasons for judgment, judgment was signed in favor of plaintiffs and against Terrence Young and his insurer, Continental Insurance Company, condemning defendants to pay $417,264 in varying amounts to the plaintiffs.[3] Defendants were also condemned to pay all costs including $1,400 in expert witness fees. The liability of Continental Insurance Company was limited to $200,000, its policy limits, plus interest.
On September 17, 1980, plaintiffs accepted $264,728 from Continental Insurance Company as full payment of all amounts owed by either Continental or Terrence Young, both of whom were released from further liability. Plaintiffs specifically reserved their rights to proceed against all other defendants including, but not limited to, Dr. Goldsby and Hartford Accident & Indemnity Company.
Plaintiffs appeal only that part of the judgment failing to find Dr. Reginald E. Goldsby and his insurer, Hartford Accident & Indemnity Company, liable. Essentially appellants urge that Dr. Goldsby's treatment of decedent on March 12, 1975, was negligent. Alternatively, plaintiffs claim that Dr. Goldsby is somehow responsible for the negligent acts of Terrence Young. We cannot agree with either contention.
Mrs. Hughes was an obese,[4] fifty-nine year old patient who suffered from chronic asthma. Dr. Goldsby had treated her since 1971. At her final admission to the hospital on March 5, 1975, she had an acute attack of asthma. Her marked wheezing, productive coughing and anxiety were treated with antibiotics, intravenous fluids and bronchodilators. Following a week of mixed results, decedent suffered a respiratory crisis in which her blood level of carbon dioxide reached life-threatening levels despite the use of nasal oxygen. The patient quite suddenly became unresponsive and, on instructions of Dr. Goldsby, Terrence Young, a certified registered nurse anesthetist, *450 attempted nasal intubation. Due to the negligence of Young, this attempt to ventilate Mrs. Hughes failed. Dr. Goldsby ultimately performed a tracheotomy, placed the patient on a mechanical ventilator, and administered an intracardiac injection to increase the rate of heartbeat. Despite these desperate procedures, Mrs. Hughes shortly died of acute respiratory failure.
Appellants argue that Dr. Goldsby's failure to act in the face of blood gas tests showing an ominous rise in the level of carbon dioxide proves negligence. Dr. Goldsby clearly testified that he first saw the critical blood gas results after the final attempts to resuscitate Mrs. Hughes had begun.
We have attempted to reconstruct an accurate chronology of events on the morning of March 12, 1975, but are faced, as was the trial court, with irreconcilable time conflicts. Regardless of the exact time that the blood gas results were first seen by Dr. Goldsby, we agree with the trial court that defendant could rely on his clinical impression that Mrs. Hughes' condition had declined but was not critical. Thus, Dr. Goldsby was not, himself, negligent.
Nor can we find Dr. Goldsby vicariously liable for the acts of Terrence Young. Young was neither an employee of Goldsby nor was he a borrowed employee under the guidelines of Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (La.App. 3rd Cir. 1977).[5]
Finally, regardless of whether Louisiana allows use of the "captain of the ship" doctrine, it is clear that this doctrine would have no application in the present case since Dr. Goldsby did not actually supervise or control the acts of Young.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.
NOTES
[1] Suit was originally brought in the incorrect name of McClendon.
[2] Suit was brought against The Continental Insurance Company but answer was made and the suit was defended by Continental Insurance Company.
[3] Harvey Clinton Hughes was awarded $76,839. Betty Lou Hughes Martin was awarded $25,042.50. All other plaintiffs were awarded $35,042.50 each.
[4] Decedent was five feet tall and weighed between 185-190 pounds.
[5] Whether Young was, despite his claimed status of independent contractor, an employee of defendant Hood Memorial Hospital need not be decided by this court since counsel for appellants has chosen both to release Terrence Young and not to appeal the dismissal of Hood Memorial Hospital.